1 | ARNOLD & PORTER LLP
2 | MICHAEL A. BERTA (No. 194650)
    michael.berta@aporter.com
3 | SEAN M. CALLAGY (No. 255230)
    sean.callagy@aporter.com
4 | JOSEPH R. FARRIS (No. 263450)
    joseph.farris@aporter.com
5 | RYAN M. KEATS (No. 296463)
    ryan.keats@aporter.com
6 | Three Embarcadero Center, 10th Floor
    San Francisco, CA 94111-4024
7 | Telephone:  415.471.3100
    Facsimile:   415.471.3400

Attorneys for Plaintiff
MACHINE ZONE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHINE ZONE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> EMBER ENTERTAINMENT, INC., a Delaware corporation, <br><br> Defendant. | Case No.: 3:15-cv-01554 <br><br> **STIPULATED ESI PRODUCTION ORDER** <br><br> Judge:        Hon. Vince Chhabria <br> Action Filed: April 3, 2015 <br> Trial Date:    October 3, 2016 |

1. Pursuant to the Standing Order for all Judges of the Northern District of California and the Court's Guidelines for the Discovery of Electronically Stored Information, the parties hereby stipulate and agree, and request that the Court enter, the following Order to streamline the production of Electronically Stored Information ("ESI") to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. This Stipulation and Order is intended to supplement all other discovery rules and orders.

2. This Order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute in accordance with the Court's standing order governing discovery disputes.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

   **A.   General Document Image Format**. Each electronic document shall initially be produced in single-page Tagged Image File Format ("TIFF") Group IV images with a standard delimited Concordance format (DAT file) with an accompanying Ipro (LFP file) or Opticon (OPT file) image load file, unless such format is not reasonably useable (such as for Microsoft Excel files) or the production format is governed by another order or agreement (such as for source code). TIFF files shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**B.     Objective Coding and Metadata Fields**.  The parties shall provide the objective coding and metadata fields as set forth in Exhibit A.  Nothing herein shall require the parties to (1) create or otherwise supply any metadata that is not maintained in the usual course of business, or (2) disclose any privileged information.

**C.     Text-Searchable Documents**.  No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

**D.     Footer**.  Each document image shall contain a footer with a sequentially ascending production number.

**E.     Native Files**.  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format.  Upon receipt of such a request, the producing party shall either produce the document in its native format or promptly meet and confer to address whether the information sought may be provided by less burdensome means.

**F.     Color**.  Documents in color shall be produced in a color .PDF or .JPG format.

**G.     No Backup Restoration Required**.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.  In the event that restoration of backup materials is required, the Court may order that the costs of restoration be shifted to the party seeking discovery.

**H.     Duplicates**.  To the extent duplicate documents (based on MD5, SHA-1, or similar hash values at the document level) reside within a party's data set, each party is only required to produce a single copy of the responsive document.

**I.  Voicemail, Phone Records, Instant Messaging, Calendar Entries and Mobile Devices**. Absent a showing of good cause, audio communications and related records, including internal and external call records and voicemails, are deemed not reasonably accessible and need not be collected and preserved. Information stored on mobile phones, PDAs and similar mobile devices, whether a company-issued device or a personal device used incidentally for company-related purposes, likewise are deemed not reasonably accessible and information from such devices need not be collected and preserved. Calendar entries and meeting requests (and responses thereto), wherever stored, are deemed not reasonably accessible and need not be collected and preserved. The foregoing does not apply to other forms of electronic communications, including email and instant messaging records, which are generated and stored in the ordinary course of business.

6.  Before producing ESI, each party shall exchange, at an agreed time, a listing of the most significant ESI custodians and ESI repositories or share drives in view of the pleaded claims and defenses. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame for production. The total number of custodians whose ESI (including email and locally stored documents) is to be searched and produced shall initially be limited to ten custodians per producing party. The total number of search terms to be applied to ESI custodians and central ESI repositories shall initially be limited to eighteen terms per producing party. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

7. The parties may jointly agree to modify the limits stated in Paragraph 6 without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, or search terms, upon showing a distinct need based on the size, complexity, and issues of this specific case.

8. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. The mere production of ESI in this litigation as part of a mass production shall not itself constitute a waiver for any purpose.

10. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 25, 2015 | Respectfully. |
| 3 | | ARNOLD & PORTER LLP<br>MICHAEL A. BERTA |
| 4 | | SEAN M. CALLAGY<br>JOSEPH R. FARRIS<br>RYAN M. KEATS |
| 5 | | |
| 6 | | By:  /s/ *Michael A. Berta* |
| 7 | | MICHAEL A. BERTA<br>Attorneys for Plaintiff MACHINE ZONE,<br>INC., a Delaware corporation |
| 8 | | |
| 9 | Dated:  August 25, 2015 | SIDLEY AUSTIN, LLP<br>CHAD S. HUMMEL |
| 10 | | |
| 11 | | MANATT, PHELPS & PHILLIPS, LLP<br>CHAD S. HUMMEL |
| 12 | | MARK S. LEE<br>SETH REAGAN |
| 13 | | |
| 14 | | By:  /s/ *Chad S. Hummel*<br>CHAD S. HUMMEL |
| 15 | | Attorneys for Defendant EMBER<br>ENTERTAINMENT, INC. |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES

DATED: August 28, 2015

[Stamp: IT IS SO ORDERED — Judge Vince Chhabria — UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA]

**EXHIBIT A**

In accordance with paragraph 5(B) of this General Order on ESI Discovery, the Parties will provide the following metadata field information to the extent available:

| Field Name | Description (E-Mail) | Description (Non E-mail) |
| --- | --- | --- |
| Beginning Document Number (BEGPROD) | Bates Number on first page of document. | Bates Number on first page of document. |
| End Document Number (ENDPROD) | Bates Number on last page of document. | Bates Number on last page of document. |
| Beginning Attachment Number (BEGATTACH) | Bates Number on first page of first document in a family (*i.e.*, documents and all attachments thereto). | Bates Number on first page of first document in a family (*i.e.*, documents and all attachments thereto). |
| Ending Attachment Number (ENDATTACH) | Bates Number on last page of last document in a family (*i.e.*, documents and all attachments thereto). | Bates Number on last page of last document in a family (*i.e.*, documents and all attachments thereto). |
| Page Count (PGCOUNT) | Total number of pages in document. | Total number of pages in document. |
| Custodian/Source (CUST) | Name of person(s) from whose files the document is collected (for de-duplicated documents, all custodians must be identified). | Name of person(s) from whose files the document is collected (for de-duplicated documents, all custodians must be identified).. |
| Doc Type (DOCTYPE) | Describes the type of document (*e.g.*, Lotus Notes E-mail). | Describes the type of document (*e.g.*, Microsoft Word Document). It will not be manually coded if absent in the metadata. |
| Doc Extension/File Extension (DOCEXT) | The file type extension representing the email or native file (will vary depending on email format). | The file type extension representing the native file. |

| Field Name | Description (E-Mail) | Description (Non E-mail) |
|---|---|---|
| Author (AUTHOR) | The person(s) who created, wrote, reviewed, signed, or approved the document. If no author information is present, a default value of "None" will be coded or the field will be blank. Where possible, the Author should be extracted from the metadata. | The person(s) who created, wrote, reviewed, signed, or approved the document. If no author information is present, a default value of "None" will be coded or the field will be blank. Where possible, the Author should be extracted from the metadata. |
| From (FROM) | All information contained in the "From" field of the e-mail. | N/A |
| To (TO) | All information contained in the "To" field of the e-mail as well as all other discernible recipients. | N/A |
| CC (CC) | All information contained in the "CC" field of the e-mail, as well as all other discernible copies. | N/A |
| BCC (BCC) | All information contained in the "BCC" field of the e-mail, as well as all other discernible blind copies. | N/A |
| Subject/Title (TITLE) | Verbatim subject or re: line, as stated in the e-mail. | If available, verbatim subject or re: line, or discernible document title appearing on the document's first page, as extracted from the metadata of the file if present. It will not be manually coded if absent in the metadata. |
| Filename (FILENAME) | Original file name, including file extension (*e.g.,* EXAMPLE.MSG). | Original file name, including file extension (*e.g.,* EXAMPLE.XLS, EXAMPLE.DOC). |
| Date Sent (SENTDATE) | Date the E-mail was sent, expressed in MM/DD/YYYY format. All references to date and time should reflect the time zone in which the ESI originated. | N/A |

| **Field Name** | **Description (E-Mail)** | **Description (Non E-mail)** |
|---|---|---|
| Date Received (DATE RCVD) | Date the E-mail was received, expressed in MM/DD/YYYY format. All references to date and time should reflect the time zone in which the ESI originated. | N/A |
| Parent Date (PARENTDATE) | The sent date of the parent email, propagated to any of its attachments and/or embedded objects. | The date last modified (or if not available, date created) of a file, propagated to any of its attachments and/or embedded objects. |
| Date Last Modified (MODDATE) | N/A | Date the document was last modified in MM/DD/YYYY format. All references to date and time should reflect the time zone in which the ESI originated. |
| Date Created (CREATEDATE) | N/A | Creation date of document. It will not be manually coded if absent in the metadata. |
| MessageID (MESSAGEID) | Unique message identifier extracted during data processing | N/A |
| HashCode (MD5HASH) | The MD5 (Message Digest algorithm 5) or SHA (Secure Hash Algorithm) hash value assigned to the document during processing. | The MD5 (Message Digest algorithm 5) or SHA (Secure Hash Algorithm) hash value assigned to the document during processing. |
| Text Path (TEXTPATH) | Full path location of each produced record's extracted (or OCR) text file within the production deliverable. | Full path location of each produced record's extracted (or OCR) text file within the production deliverable. |
| Native Link (NATIVEFILE) | Full path location of each natively-produced record within the production deliverable. | Full path location of each natively-produced record within the production deliverable. |

**ATTESTATION PURSUANT TO CIV. L.R. 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned attests that concurrence in the filing of this Stipulated ESI Production Order has been obtained from the other signatories thereto.

Dated:  August 25, 2015

                                         /s/ *Michael A. Berta*
                                         MICHAEL A. BERTA